1  Michael K. Friedland (SBN 157,217)
   michael.friedland@knobbe.com
2  Ali S. Razai (SBN 246,922)
   ali.razai@knobbe.com
3  Samantha Y. Hsu (SBN 285,853)
   samantha.hsu@knobbe.com
4  KNOBBE, MARTENS, OLSON & BEAR LLP
   2040 Main Street, 14th Floor
5  Irvine, CA  92614
   Telephone: (949) 760-0404
6  Facsimile: (949) 760-9502
7
8  Attorneys for Plaintiff
   OAKLEY, INC.
9

10

11

12              IN THE UNITED STATES DISTRICT COURT

13          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| OAKLEY, INC., a Washington corporation, | Civil Action No. **'14CV0502 JAH NLS** |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| DK JUICE INC. d/b/a SUNSCAPE, a California corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

28

                                        COMPLAINT

Plaintiff Oakley, Inc. ("Oakley") hereby complains of Defendant DK Juice Inc. d/b/a Sunscape ("Defendant") and alleges as follows:

## I. THE PARTIES

1.      Plaintiff Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

2.      Plaintiff is informed and believes, and thereon alleges, that Defendant Sunscape is a corporation organized and existing under the laws of the state of California, having its principal place of business at 17526 Von Karman Avenue, Irvine, California 92614.

3.      Oakley is informed and believes, and thereon alleges, that Defendant regularly conducts business in, and has committed the acts alleged herein, within this judicial district.

## II. JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281.

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, as it arises under the patent laws of the United States.

6.      This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district including by selling and offering for sale infringing products in this judicial district, and by committing acts of patent infringement in this judicial district, including but not limited to selling infringing eyewear directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such eyewear products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Oakley's claim.

7.     Venue is proper in this judicial district under 28 U.S.C. § 1391 (b)-(d), and 28 U.S.C. § 1400(b).

## III.  **GENERAL ALLEGATIONS**

8.     Oakley has been actively engaged in the manufacture and sale of high quality eyewear since at least 1985.  Oakley is the manufacturer and retailer of several lines of eyewear that have enjoyed substantial success and are protected by various intellectual property rights owned by Oakley.

9.     On September 3, 2002, the United States Patent and Trademark Office ("U.S.P.T.O.") duly and lawfully issued United States Design Patent No. D462,375 ("the D375 Patent"), entitled "EYEGLASS AND EYEGLASS COMPONENTS."  Oakley is the owner by assignment of all right, title, and interest in the D375 Patent.  A true and correct copy of the D375 Patent is attached hereto as Exhibit A.

10.     On November 25, 2008, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D581,444 ("the D444 Patent"), entitled "EYEGLASS COMPONENTS."  Oakley is the owner by assignment of all right, title, and interest in the D444 Patent.  A true and correct copy of the D444 Patent is attached hereto as Exhibit B.

11.     On November 25, 2008, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D581,443 ("the D443 Patent"), entitled "EYEGLASSES COMPONENTS."  Oakley is the owner by assignment of all right, title, and interest in the D443 Patent.  A true and correct copy of the D443 Patent is attached hereto as Exhibit C.

12.     On May 20, 2008, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D569,412 ("the D412 Patent"), entitled "EYEGLASS AND EYEGLASS COMPONENTS."  Oakley is the owner by assignment of all right, title, and interest in the D412 Patent.  A true and correct copy of the D412 Patent is attached hereto as Exhibit D.

13.     On November 29, 2011, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D649,579 ("the D579 Patent"), entitled "EYEGLASS."   Oakley is the owner by assignment of all right, title, and interest in the D579 Patent.  A true and correct copy of the D579 Patent is attached hereto as Exhibit E.

14.     On March 18, 2008, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D564,571 ("the D571 Patent"), entitled "EYEGLASS AND EYEGLASS COMPONENTS."   Oakley is the owner by assignment of all right, title, and interest in the D571 Patent.  A true and correct copy of the D571 Patent is attached hereto as Exhibit F.

15.     On July 31, 2007, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D547,794 ("the D794 Patent"), entitled "EYEGLASSES."   Oakley is the owner by assignment of all right, title, and interest in the D794 Patent.  A true and correct copy of the D794 Patent is attached hereto as Exhibit G.

16.     On November 6, 2007, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D554,689 ("the D689 Patent"), entitled "EYEGLASS FRAME."   Oakley is the owner by assignment of all right, and interest in the D689 Patent.  A true and correct copy of the D689 Patent is attached hereto as Exhibit H.

17.     On December 4, 2007, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D556,818 ("the D818 Patent"), entitled "EYEGLASS COMPONENTS."   Oakley is the owner by assignment of all right, title, and interest in the D818 Patent.  A true and correct copy of the D818 Patent is attached hereto as Exhibit I.

18.     On December 11, 2007, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D557,326 ("the D326 Patent"), entitled "EYEGLASS COMPONENTS."   Oakley is the owner by assignment of all

right, title, and interest in the D326 Patent.  A true and correct copy of the D326 Patent is attached hereto as Exhibit J.

19.     On June 1, 2010, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D616,919 ("the D919 Patent"), entitled "EYEGLASS FRONT."  Oakley is the owner by assignment of all right, title, and interest in the D919 Patent.  A true and correct copy of the D919 Patent is attached hereto as Exhibit K.

20.     On February 23, 2010, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D610,604 ("the D604 Patent"), entitled "EYEGLASS AND EYEGLASS COMPONENTS."  Oakley is the owner by assignment of all right, title, and interest in the D604 Patent.  A true and correct copy of the D604 Patent is attached hereto as Exhibit L.

21.     On August 3, 2010, the U.S.P.T.O. duly and lawfully issued United States Design Patent No. D620,970 ("the D970 Patent"), entitled "EYEGLASS COMPONENT."  Oakley is the owner by assignment of all right, title, and interest in the D970 Patent.  A true and correct copy of the D970 Patent is attached hereto as Exhibit M.

22.     Defendant manufactures, uses, sells, offers for sale and/or imports into the United States eyewear that infringe Oakley's patent rights.

23.     Oakley has provided the public with constructive notice of its patent rights by marking its products in compliance with 35 U.S.C. § 287.

## IV.  <u>FIRST CLAIM FOR RELIEF</u>

(Patent Infringement)
(35 U.S.C. § 271)

24.     Oakley repeats and re-alleges the allegations of paragraphs 1-23 of this Complaint as if set forth fully herein.

25.     This is a claim for patent infringement under 35 U.S.C. § 271.

26.     Defendant, through its agents, employees and servants, has, and

continues to, knowingly, intentionally and willfully infringe the D375 Patent by making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D375 Patent, including, for example, the product shown in Exhibit N.

27.     Defendant's acts of infringement of the D375 Patent were undertaken without permission or license from Oakley.   Defendant had knowledge of the D375 Patent and its actions constitute willful and intentional infringement of the D375 Patent.   Defendant infringed the D375 Patent with reckless disregard of Oakley's patent rights.   Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D375 Patent.   Defendant's acts of infringement of the D375 Patent were not consistent with the standards for its industry.

28.     Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D444 Patent by making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D444 Patent, including, for example, the product shown in Exhibit O.

29.     Defendant's acts of infringement of the D444 Patent were undertaken without permission or license from Oakley.   Defendant had knowledge of the D444 Patent and its actions constitute willful and intentional infringement of the D444 Patent.   Defendant infringed the D444 Patent with reckless disregard of Oakley's patent rights.   Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D444 Patent.   Defendant's acts of infringement of the D444 Patent were not consistent with the standards for its industry.

30.     Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D443 Patent by making, using, selling, offering for sale and/or importing eyewear that is

covered by the claim of the D443 Patent, including, for example, the product shown in Exhibit O.

31.     Defendant's acts of infringement of the D443 Patent were undertaken without permission or license from Oakley.  Defendant had knowledge of the D443 Patent and its actions constitute willful and intentional infringement of the D443 Patent.  Defendant infringed the D443 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D443 Patent.  Defendant's acts of infringement of the D443 Patent were not consistent with the standards for its industry.

32.     Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D412 Patent by making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D412 Patent, including, for example, the product shown in Exhibit O.

33.     Defendant's acts of infringement of the D412 Patent were undertaken without permission or license from Oakley.  Defendant had knowledge of the D412 Patent and its actions constitute willful and intentional infringement of the D412 Patent.  Defendant infringed the D412 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D412 Patent.  Defendant's acts of infringement of the D412 Patent were not consistent with the standards for its industry.

34.     Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D579 Patent by making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D579 Patent, including, for example, the product shown in Exhibit P.

35.    Defendant's acts of infringement of the D579 Patent were undertaken without permission or license from Oakley.  Defendant had knowledge of the D579 Patent and its actions constitute willful and intentional infringement of the D579 Patent.  Defendant infringed the D579 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D579 Patent.  Defendant's acts of infringement of the D579 Patent were not consistent with the standards for its industry.

36.    Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D571 Patent by making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D571 Patent, including, for example, the product shown in Exhibit Q.

37.    Defendant's acts of infringement of the D571 Patent were undertaken without permission or license from Oakley.  Defendant had knowledge of the D571 Patent and its actions constitute willful and intentional infringement of the D571 Patent.  Defendant infringed the D571 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D571 Patent.  Defendant's acts of infringement of the D571 Patent were not consistent with the standards for its industry.

38.    Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D794 Patent by making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D794 Patent, including, for example, the product shown in Exhibit R.

39.    Defendant's acts of infringement of the D794 Patent were undertaken without permission or license from Oakley.    Defendant had

knowledge of the D794 Patent and its actions constitute willful and intentional infringement of the D794 Patent.  Defendant infringed the D794 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D794 Patent.  Defendant's acts of infringement of the D794 Patent were not consistent with the standards for its industry.

40.   Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D689 Patent by making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D689 Patent, including, for example, the product shown in Exhibit R.

41.   Defendant's acts of infringement of the D689 Patent were undertaken without permission or license from Oakley.  Defendant had knowledge of the D689 Patent and its actions constitute willful and intentional infringement of the D689 Patent.  Defendant infringed the D689 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D689 Patent.  Defendant's acts of infringement of the D689 Patent were not consistent with the standards for its industry.

42.   Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D818 Patent by making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D818 Patent, including, for example, the product shown in Exhibit R.

43.   Defendant's acts of infringement of the D818 Patent were undertaken without permission or license from Oakley.  Defendant had knowledge of the D818 Patent and its actions constitute willful and intentional infringement of the D818 Patent.  Defendant infringed the D818 Patent with

COMPLAINT

reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D818 Patent.  Defendant's acts of infringement of the D818 Patent were not consistent with the standards for its industry.

44.   Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D326 Patent by making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D326 Patent, including, for example, the product shown in Exhibit S.

45.   Defendant's acts of infringement of the D326 Patent were undertaken without permission or license from Oakley.  Defendant had knowledge of the D326 Patent and its actions constitute willful and intentional infringement of the D326 Patent.  Defendant infringed the D326 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D326 Patent.  Defendant's acts of infringement of the D326 Patent were not consistent with the standards for its industry.

46.   Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D919 Patent by making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D919 Patent, including, for example, the product shown in Exhibit T.

47.   Defendant's acts of infringement of the D919 Patent were undertaken without permission or license from Oakley.  Defendant had knowledge of the D919 Patent and its actions constitute willful and intentional infringement of the D919 Patent.  Defendant infringed the D919 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted

COMPLAINT

infringement of the D919 Patent.  Defendant's acts of infringement of the D919 Patent were not consistent with the standards for its industry.

48.    Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D604 Patent by making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D604 Patent, including, for example, the product shown in Exhibit T.

49.    Defendant's acts of infringement of the D604 Patent were undertaken without permission or license from Oakley.  Defendant had knowledge of the D604 Patent and its actions constitute willful and intentional infringement of the D604 Patent.  Defendant infringed the D604 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D604 Patent.  Defendant's acts of infringement of the D604 Patent were not consistent with the standards for its industry.

50.    Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully infringe the D970 Patent by making, using, selling, offering for sale and/or importing eyewear that is covered by the claim of the D970 Patent, including, for example, the product shown in Exhibit T.

51.    Defendant's acts of infringement of the D970 Patent were undertaken without permission or license from Oakley.  Defendant had knowledge of the D970 Patent and its actions constitute willful and intentional infringement of the D970 Patent.  Defendant infringed the D970 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D970 Patent.  Defendant's acts of infringement of the D970 Patent were not consistent with the standards for its industry.

52.     As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Oakley.

53.     Pursuant to 35 U.S.C. § 284, Oakley is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

54.     Pursuant to 35 U.S.C. § 285, Oakley is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

55.     Pursuant to 35 U.S.C. § 289, Oakley is entitled to Defendant's total profits from Defendant's infringement.

56.     Due to the aforesaid infringing acts, Oakley has suffered great and irreparable injury, for which Oakley has no adequate remedy at law.

57.     Defendant will continue to infringe the D375 Patent, D444 Patent, D443 Patent, D412 Patent, D571 Patent, D579 Patent, D794 Patent, D689 Patent, D818 Patent, D326 Patent, D919 Patent, D604 Patent, and D970 Patent to the great and irreparable injury of Oakley, unless enjoined by this Court.

**WHEREFORE**, Oakley prays for judgment in its favor against Defendant for the following relief:

A.      That the D375 Patent, D444 Patent, D443 Patent, D412 Patent, D571 Patent, D579 Patent, D794 Patent, D689 Patent, D818 Patent, D326 Patent, D919 Patent, D604 Patent, and D970 Patent each be deemed valid and willfully infringed by Defendant under 35 U.S.C. § 271;

B.      A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendant, from infringing the D375 Patent, D444 Patent, D443 Patent, D412 Patent, D571 Patent, D579 Patent, D794 Patent, D689 Patent, D818 Patent, D326 Patent, D919 Patent, D604 Patent, and D970 Patent in violation of 35 U.S.C. § 271;

- 11 -                    COMPLAINT

C.     That Defendant account for all gains, profits, and advantages derived by Defendant's infringement of the D375 Patent, D444 Patent, D443 Patent, D412 Patent, D571 Patent, D579 Patent, D794 Patent, D689 Patent, D818 Patent, D326 Patent, D919 Patent, D604 Patent, and D970 Patent in violation of 35 U.S.C. § 271, and that Defendant pay to Oakley all damages suffered by Oakley and/or Defendant's total profit from such infringement pursuant to 35 U.S.C. § 289;

D.     An Order for a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

E.     An Order adjudging that this is an exceptional case;

F.     An award to Oakley of the attorney fees, expenses, and costs incurred by Oakley in connection with this action pursuant to 35 U.S.C. § 285;

G.     An award of pre-judgment and post-judgment interest and costs of this action against Defendant;

H.     That Oakley have and recover the costs of this civil action, including reasonable attorneys' fees;

I.     An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and,

J.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 5, 2014      By: /s/ Ali S. Razai
                              Michael K. Friedland
                              Ali S. Razai
                              Samantha Y. Hsu

                              Attorneys for Plaintiff
                              OAKLEY, INC.

- 12 -                                    COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

Plaintiff Oakley, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 5, 2014        By: */s/ Ali S. Razai*

Michael K. Friedland
Ali S. Razai
Samantha Y. Hsu

Attorneys for Plaintiff
OAKLEY, INC.

17401532

- 13 -                    COMPLAINT